UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>vs.<br>LEASAPAI ALAILEFALEULA,<br>Defendant. | CR. NO. 20-00079 LEK |

**ORDER DENYING DEFENDANT'S MOTION TO MODIFY CONDITIONS OF SUPERVISED RELEASE, [FILED 6/3/26 (DKT. NO. 77),] AND GRANTING DEFENDANT'S MOTION TO STAY SPECIAL CONDITION NO. 6, [FILED 5/28/26 (DKT. NO. 74)]**

This matter arises out of the revocation of supervised release resulting in Defendant Leasapai Alailefaleula's ("Alailefaleula") sentence of twelve months imprisonment to be followed by twenty-four months of supervised release. [Judgment in a Criminal Case, filed 3/25/26 (dkt. no. 65) ("3/25/26 Judgment"), at 3-4.] Alailefaleula challenges special condition number 6 ("Special Condition No. 6") of the several special conditions that this Court imposed as part of his supervised release, which provides:

> You must participate in a sex offense-specific assessment as coordinated by the probation officer. Based on the results of that assessment, the probation officer may then request that the court order specific sex offender treatment.

[3/25/26 Judgment at 6.] Alailefaleula filed his Notice of Appeal on April 8, 2026, [(dkt. no. 66),] and filed a motion on May 28, 2026, in which he seeks to stay Special Condition No. 6 until after the resolution of his appeal, [Motion to Stay Special Condition No. 6, filed 5/28/26 (dkt. no. 74) ("Motion to Stay")]. On June 3, 2026, he subsequently filed a motion seeking to modify the conditions of his supervised release to omit Special Condition No. 6. [Motion to Modify Conditions of Supervised Release, filed 6/3/26 (dkt. no. 77) ("Motion to Modify").] On June 4, 2026, Alailefaleula filed a motion requesting that this Court take judicial notice of state court proceedings ("Motion to Take Judicial Notice"). [Dkt. no. 79.] A hearing on the motions was held on July 30, 2026. The Motion to Stay was taken under advisement, the Motion to Modify was denied, and the Motion to Take Judicial Notice was granted. [Minutes - EP: Hearing on various motions re: [74] [77], and [79], filed 7/30/26 (dkt. no. 89).] Although this Court orally denied the Motion to Modify, the instant Order supersedes that oral ruling.

For the reasons set forth below, the Motion to Modify is DENIED and the Motion to Stay is GRANTED.

**BACKGROUND**

Alailefaleula was charged in an information on September 24, 2020 with the single charge of being a felon in

possession of ammunition in violation of Title 18 United States Code Sections 922(g)(1) and 924(a)(2). [Information, filed 9/24/20 (dkt. no. 30).] He waived his right to indictment and entered a guilty plea to the felony information on October 6, 2020. See Minutes - EP: Defendant Leasapai Alailefaleula, Waiver of Indictment, Arraignment & Plea to Felony Information, filed 10/6/20 (dkt. no. 34); Waiver of an Indictment, filed 10/6/20 (dkt. no. 36); Memorandum of Plea Agreement, filed 10/6/20 (dkt. no. 37). He was sentenced on March 17, 2021 to fifty-seven months of imprisonment and three years of supervised release. [Amended Judgment in a Criminal Case, filed 4/27/21 (dkt. no. 50), at 2-3.] He served his term of imprisonment and began his first term of supervised release on May 31, 2023. [Request for Modifying the Conditions of Supervision With Consent of the Person Under Supervision, Form 12b, filed 11/8/23 (dkt. no. 51).]

The violations that gave rise to the revocation of supervised release are set forth in the United States Probation and Pretrial Services Office's ("USPPTSO") request for course of action. [Request for Course of Action, Form 12c, filed 6/5/24 (dkt. no. 52) ("Request for Action").] This Court issued an order to show cause why supervision should not be revoked as recommended in the Request for Action ("Order to Show Cause"). See Request for Action at 6. Alailefaleula was not arrested

until January 23, 2026, and his initial appearance was held on January 27, 2026. [Minutes - EP: 32.1 Initial Appearance, filed 1/27/26 (dkt. no. 55).] The hearing on the Order to Show Cause was held on March 25, 2026 ("3/25/26 Hearing"), where Alailefaleula admitted to violations numbers 1 through 5 as contained in the Request for Action. [Minute Order - EP: Hearing on Order to Show Cause Why Supervised Release Should Not Be Revoked as to Leasapai Alailefaleula *aka* Lea, filed 3/25/26 (dkt. no. 64), at PageID.255.] This Court revoked Alailefaleula's supervised release, and he was sentenced to twelve months imprisonment and twenty-four months of supervised release. [3/25/26 Judgment at 3-4.]

## STANDARDS

### I. Conditions of Supervised Release

> District courts have "wide discretion to impose conditions of supervised release." United States v. T.M., 330 F.3d 1235, 1239-40 (9th Cir. 2003). As a general rule, a district court may impose a condition of supervised release if it "'involves no greater deprivation of liberty than is reasonably necessary' to punish, deter, protect the public from or rehabilitate the defendant." [United States v. ]Johnson, 697 F.3d [1249,] 1251 [(9th Cir. 2012)] (quoting 18 U.S.C. § 3583(d)(2)). The condition also should relate to the nature and circumstances of the defendant's offense and to the defendant's history and personal characteristics. Id. Importantly, those factors serve as a "guide," not "a checklist of requisites." Id. (quoting United States v. Johnson, 998 F.2d 696, 698 (9th Cir. 1993)).

United States v. Hohag, 893 F.3d 1190, 1192 (9th Cir. 2018).

## II. Stay Pending Appeal

> "A stay is not a matter of right, even if irreparable injury might otherwise result." Virginian R. Co.[ v. United States], 272 U.S. [658,] 672 [(1926)]. It is instead "an exercise of judicial discretion," and "[t]he propriety of its issue is dependent upon the circumstances of the particular case." Id., at 672-673; see Hilton[ v. Braunskill, 481 U.S. 770,] 777 [(1987)] ("[T]he traditional stay factors contemplate individualized judgments in each case"). The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion. See, e.g., Clinton v. Jones, 520 U.S. 681, 708 (1997); Landis v. North American Co., 299 U.S. 248, 255 (1936).
>
> The fact that the issuance of a stay is left to the court's discretion "does not mean that no legal standard governs that discretion. . . . '[A] motion to [a court's] discretion is a motion, not to its inclination, but to its judgment; and its judgment is to be guided by sound legal principles.'" Martin v. Franklin Capital Corp., 546 U.S. 132, 139 (2005) (quoting United States v. Burr, 25 F. Cas. 30, 35 (No. 14,692d) (CC Va. 1807) (Marshall, C.J.)). As noted earlier, those legal principles have been distilled into consideration of four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Hilton, supra, at 776. There is substantial overlap between these and the factors governing preliminary injunctions, see Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24 (2008); not because the two are one and the same, but because similar concerns arise whenever a court order may allow or disallow anticipated

> action before the legality of that action has been conclusively determined.

Nken v. Holder, 556 U.S. 418, 433-34 (2009) (some alterations in Nken).

**DISCUSSION**

Where a court finds by a preponderance of the evidence that a defendant violated a condition of supervised release, a court may revoke a term of supervised release and require a defendant to serve all or part of the supervised release term authorized by law. See 18 U.S.C. § 3583(e)(3). Likewise, a court may modify the conditions of supervised release at any time prior to the expiration of the term of supervised release. Id. § 3583(e)(2). Before taking such action, however, a court must first consider the factors contained in Sections 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), which include deterrence, incapacitation, and rehabilitation. See Esteras v. United States, 606 U.S. 185, 200-01 (2025); 18 U.S.C. § 3583(e) (pertaining to modification of conditions or revocation of supervised release). With this framework in mind, this Court addresses the Motion to Modify and the Motion to Stay.

Here, Alailefaleula challenges only the imposition of Special Condition No. 6 and seeks to modify his conditions of release by eliminating Special Condition No. 6, see Motion to

Modify at 5 ("This motion explains why Special Condition No. 6 should be removed in light of the pertinent factors set out in §3553(a)."), or to stay the sex offense-specific assessment required by it until after his appeal is decided, see Motion to Stay at 2-3 (arguing insufficiently reliable information exists to support the conclusion that the condition is reasonably related to the goals of sentencing). It is significant that Alailefaleula does not contest this Court's findings and conclusion that he violated the conditions of his supervised release or the revocation of supervised release and resentencing.

## I. Evidence Supporting Special Condition No. 6

This Court first turns to Alailefaleula's contention that there is insufficient reliable information to support imposing a sex offense-specific assessment as a special condition of his supervised release. Alailefaleula admitted that he pleaded guilty to the felony criminal charge of Terroristic Threatening in the First Degree, in violation of Hawai`i Revised Statutes Section 707-716(1)(e), and that he was in violation of a mandatory condition of his supervised release that he was not to commit any violations of law. [Transcript of Proceedings, Order to Show Cause - Supervised Release (3/25/26 hrg. on the Order to Show Cause), filed 4/15/26 (dkt. no. 72) ("3/25/26 Hrg. Trans."), at 4.] As a result of this and other admissions that

Alailefaleula violated his supervised release conditions, this Court concluded that Plaintiff United States of America ("the Government") had shown by a preponderance of the evidence that Alailefaleula violated his conditions of supervised release as alleged and revoked his supervised release. [3/25/26 Hrg. Trans. at 5.]

Pertinent to why Special Condition No. 6 was imposed, the following factors were identified by this Court at the time of resentencing. First, in discussing Alailefaleula's conduct while on supervised release and his history, this Court noted as aggravating factors: 1) that Alailefaleula's past criminal history is "significant and violent," and 2) that he has had a "poor record on supervision" with the State of Hawai`i. [Id. at 6.] Second, this Court stated that it was most concerned with "the violent assault on a female individual," and that "the type of offense that you committed, whatever you call it, whether it's a sexual assault or terroristic threatening, it's the cruelty to another human being for a prolonged period of time." [Id.]

On September 30, 2025, Alailefaleula entered a guilty plea to Terroristic Threatening in the First Degree. [Motion to Take Judicial Notice, Exh. C at PageID.389 (pg. 2 of Form K, Guilty Plea in State of Hawai`i v. Leasapai Alailefaleula, Case

No. 1CPC-24-0000574, dated 9/30/25).] He signed the form that stated, in relevant part:

> [X] I plead guilty because, after discussing all the evidence and receiving advice on the law from my lawyer, I believe that I am guilty. (Give a brief statement of the facts that establish your guilt as to each offense to which you are entering a plea pursuant to the requirements of HRS §§ 701-114, 701-115,702-205, and 702-206, as amended.)
>
> On or about May 18, 2024, in the City and County of Honolulu, State of Hawaii, I threatened, by word or conduct, to cause bodily injury to Rosanne Pulotu, with the use of a dangerous instrument, with the intent to terrorize, or in reckless disregard of the risk of terrorizing Rosanne Pulotu.

[Id.] Ms. Pulotu - the identified victim of Alailefaleula's Terroristic Threatening in the First Degree offense - is the same person identified as the victim of alleged sexual assault in the police report submitted to this Court in support of the Order to Show Cause. While Alailefaleula did not admit to sexual assault, the information submitted by USPPTSO contains Ms. Pulotu's statements that Alailefaleula repeatedly physically assaulted her, restrained her, and sexually assaulted her vagina with his hand. See, e.g., Amended Request for Course of Action, Form 12c, filed 2/25/26 (dkt. no. 60) (under seal), at 9. Alailefaleula argues, *inter alia*, that: Ms. Pulotu is untruthful or unreliable as a witness; he was not charged with sexual assault; and he pleaded guilty to the entirely different charge

of terroristic threatening. See Motion to Modify at 10-14. Alailefaleula misses the point. The question in assessing the sufficiency of the evidence for an alleged violation of supervised release is: "'whether viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the essential elements of a violation by a preponderance of the evidence.'" United States v. Richards, 52 F.4th 879, 888 (9th Cir. 2022) (quoting United States v. King, 608 F.3d 1122, 1129 (9th Cir. 2010)). Here, this Court considered the evidence presented and resolved any conflict (*i.e.*, Ms. Pulotu's alleged unreliability as a witness and Alailefaleula's guilty plea to terroristic threatening, not sexual assault) in favor of the conclusion that Alailefaleula's criminal actions included a sexual assault. This conclusion, based on a preponderance of the evidence, supports imposition of Special Condition No. 6.

Moreover, Special Condition No. 6 requires a sex offense-specific assessment and not necessarily sex-offender treatment. After this Court concluded that Alailefaleula's violations included a sexual assault, it considered the factors of deterrence and rehabilitation when deciding to impose Special Condition No. 6. That is, this Court determined that the sex offense-specific assessment is needed to evaluate whether treatment is necessary to deter Alailefaleula from sexual

assault behavior, to protect the public, and to provide him with a means of rehabilitation and this condition involves no greater deprivation of liberty than is reasonably necessary. See 18 U.S.C. § 3583(d).

**II. Staying Special Condition No. 6 Pending Appeal**

Alailefaleula argues that having to undergo the sex offense-specific assessment is intrusive and burdensome, and that he will be irreparably harmed if required to undergo the assessment because, if he is successful on appeal and Special Condition No. 6 is vacated, the assessment will have been completed. See Motion to Stay at 5-8. The Government, on the other hand, argues that the assessment must go forward because, if Alailefaleula is assessed as requiring sex-offender treatment, there will be insufficient time for him to complete the treatment while on supervised release. See Opposition to Defendant's Motion to Stay Special Condition No. 6 [ECF No. 74], filed 6/29/26 (dkt. no. 83), at 10.

While skeptical about the likelihood of success on appeal, this Court exercises its discretion and stays Special Condition No. 6 until the appeal is decided. Once the proverbial horse has left the barn, it is indeed gone, and so it is with the sex offense-specific assessment. Once completed, it cannot be undone. The more judicious path, on balance, is to stay the condition pending appeal.

## CONCLUSION

For the reasons stated, Defendant's Motion to Modify Conditions of Supervised Release, filed June 3, 2026, is DENIED, and Defendant's Motion to Stay Special Condition No. 6, filed May 28, 2026, is GRANTED and Special Condition No. 6 is hereby STAYED PENDING APPEAL.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, August 24, 2026.

/s/ Leslie E. Kobayashi

Leslie E. Kobayashi
Senior U.S. District Judge